UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

YALE L. BALCAR et al.                                                                            PLAINTIFFS

v.                                         CIVIL ACTION NO. 3:17-CV-P355-TBR

KENTUCKY STATE REFORMATORY et al.                           DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Yale Larry Balcar, Carl J. Perry, Jr., and Clarence Russell, *pro se*, filed a complaint on this Court's 42 U.S.C. § 1983 form. However, Plaintiff Balcar has been dismissed from this action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007), on the claims raised by the two remaining Plaintiffs. For the following reasons, the complaint will be dismissed in part and allowed to continue in part.

## I. SUMMARY OF CLAIMS

Plaintiffs Perry and Russell (hereinafter "Plaintiffs") are incarcerated at the Kentucky State Reformatory (KSR). They name as Defendants KSR and, in their individual and official capacities, KSR Warden Smith; Kentucky Department of Corrections (KDOC) Commissioner James Erwin; and Kentucky Governor Matthew Bevin. They allege that they are experiencing retaliation in the form of closing "the law office which has the law library, legal copy, and grievances of KSR." They allege that in doing so Defendant Smith is violating the First Amendment and their due-process rights under the Fifth and Fourteenth Amendments. They assert that Plaintiffs will suffer "actual injury or harm . . . by not getting to legal books for research and file legal documents on time and no copy of legal work."

Plaintiffs further allege that they "are stop from contact the Media or the Prison Commissioner or the Governor Matthew Bevin for help on KSP Warden Smith wrongdoing. Warden Smith has order the mail room to stop and destroy this type of mail from going out."

Plaintiffs allege that, in retaliation by Warden Smith and Aramark, their meals are "denied or cut down with very little food as retaliation and is being deprivation of a life necessity, violating the Eighth Amendment." They also complain that the food is not nutritious and is prepared in dirty conditions.

Plaintiffs complain that there are gangs at KSR who rob handicapped prisoners. They also assert that African Americans at KSR "received better housing, better job and better food and as much as they want of it. This intent discrimination on Warden Smith."

Plaintiffs allege that Defendants Erwin and Bevin have been informed of the gang violence at KSR and have failed to remedy it. They allege that Defendants Erwin and Bevin are grossly negligent in not acting on information that Warden Smith is not doing his job right.

Plaintiff Perry alleges that he is diabetic and cannot receive a diabetic diet at KSR "because of Warden Smith." Plaintiff Perry cites to the Americans with Disabilities Act and the Rehabilitation Act, asserting that he has been denied diabetic meals, shoes, a safe wheelchair, "and other needs."

Plaintiff Russell asserts that he has received half the food served to other prisoners.

As relief, Plaintiffs request compensatory and punitive damages and declaratory relief.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be

granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### *Claims against KSR*

Title 42 of the United States Code, Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere. As such, it has two basic requirements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). KSR is part of the KDOC. The KDOC is a department within the Justice and Public Safety Cabinet of the Commonwealth of Kentucky. *See* Exec. Order No. 2004-730 (July 9, 2004); Ky. Rev. Stat. § 12.250. A state and its agencies, however, are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Crockett v. Turney Ctr. Indus. Prison*, No. 96-6067, 1997 WL 436563, at *1 (6th Cir. Aug. 1, 1997) ("The prison is a state agency [which] is not considered a

'person' subject to suit under 42 U.S.C. § 1983."). Because KSR is not a "person" under § 1983, the Court will dismiss the claims against KSR.

### *Official-capacity claims*

Plaintiff's claims for damages against Defendants in their official capacities also must be dismissed. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Because Defendants are officers of the Commonwealth of Kentucky, the claims brought against them in their official capacities are deemed claims against the Commonwealth of Kentucky. *See Kentucky v. Graham*, 473 U.S. at 166. State officials sued in their official capacities for damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. at 71. Thus, because Plaintiff seeks damages from state officers in their official capacities, he fails to allege cognizable claims against them under § 1983. Additionally, the Eleventh Amendment acts as a bar to claims for damages against all Defendants in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169. For these reasons, the official-capacity claims for damages against all Defendants will be dismissed.

The Court will allow the official-capacity claims for declaratory relief to continue.

### *Remaining claims*

The Court will allow the individual-capacity claims against Defendants Smith, Erwin, and Bevin to go forward. In doing so, the Court expresses no opinion on the ultimate merit of those claims.

## III. CONCLUSION AND ORDER

**IT IS ORDERED** that the claims against KSR and the official-capacity claims for damages against all Defendants are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and § 1915A(b)(2) for seeking monetary relief from Defendants immune from such relief.

The Clerk of Court is **DIRECTED** to terminate the Kentucky State Reformatory as a party to this action.

The Court will enter a separate Order to govern the development of the remaining claims.

Date:

cc: Plaintiffs Perry and Russell, *pro se*
    Defendants
    General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.009