UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

YALE L. BALCAR et al.                                                                        Plaintiffs

v.                                                Civil Action No. 3:17-cv-P355-RGJ

KENTUCKY STATE REFORMATORY et al.                        Defendants

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

On April 10, 2018, Defendants filed a motion to dismiss the remaining Plaintiffs, Carl J. Perry, Jr., and Clarence Russell, in this civil action. Plaintiffs did not respond.

The Court provided Plaintiffs with an additional opportunity to respond to Defendants' motion to dismiss and warned Plaintiffs that should they fail to do so, the Court would take Defendants' motion under consideration without the benefit of a response by Plaintiffs. Plaintiffs did not file a response. The Court will now consider Defendants' motion to dismiss (DN 24). For the foregoing reasons, that motion will be granted.

**I.**

Plaintiffs are inmates at the Kentucky State Reformatory (KSR). The Court allowed the following claims of the two remaining Plaintiffs to proceed: their constitutional, Americans with Disabilities Act, and Rehabilitation Act claims against Defendants in their official capacities for declaratory relief and in their individual capacities for all relief. Plaintiffs alleged that they experienced retaliation in violation of the First and Fourteenth Amendments; that they were receiving very little food, and what they received was of poor quality, in violation of the Eighth Amendment; and that gang-members received better housing, jobs, and food than they did.

Plaintiff Perry, who is diabetic, also alleged that he does not receive a diabetic diet, shoes, a safe wheelchair, "and other needs."

## II.

Defendants argue that Plaintiffs failed to exhaust their administrative remedies prior to filing suit. They explain that grievance procedures exist for the types of claims Plaintiffs alleged. They attach the affidavit of John Dunn, Ombudsman for the Kentucky Department of Corrections (KDOC). He avers that he is the custodian of grievances; that he has reviewed the original records for the pertinent two-year period of 2016 through 2017 and that he found that no grievances had been filed by either Plaintiff in 2016 or 2017.

Defendants also attach the affidavit of Cookie Crews, the KDOC Healthcare Services Administrator. She avers that she is the custodian of healthcare grievances; that she reviewed the original records for grievances filed for 2016, 2017, and 2018; and that neither Plaintiff had filed any healthcare grievance during that time period. Defendants also attach a copy of the KDOC CPP 14.6, which sets forth the Inmate Grievance Procedure.

## III.

Prisoner civil-rights cases are subject to the mandate of the Prison Litigation Reform Act (PLRA) that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C.] § 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). To exhaust a claim, a prisoner must proceed through all of the steps of a prison's or jail's grievance process, because an inmate "cannot abandon the process before completion and claim that he has exhausted his remedies." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999). The Supreme Court held in *Woodford v. Ngo*, 548 U.S. 81, 93 (2006), that failure to "properly" exhaust bars

suit in federal court. "Proper exhaustion" means that the plaintiff complied with the administrative "agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91.

"Because exhaustion of administrative remedies is a matter in abatement and not generally an adjudication on the merits," the defense of exhaustion "'should be raised in a motion to dismiss.'" *Bryant v. Rich*, 530 F.3d 1368, 1374-75 (11th Cir. 2008) (citation omitted). In matters of abatement, "it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." *Id.* at 1376 (footnotes omitted).

Defendants have demonstrated that Plaintiffs failed to exhaust their administrative remedies prior to filing suit, and dismissal without prejudice is, therefore, warranted. *See Bell v. Konteh*, 450 F.3d 651, 653 n.4 (6th Cir. 2006) ("It is well established . . . that the appropriate disposition of an unexhausted claim under the PLRA is dismissal without prejudice."). Consequently,

**IT IS ORDERED** that Defendants' motion (DN 24) is **GRANTED**.

By separate Order, the Court will dismiss this action.

Date:

cc: Plaintiffs Perry and Russell, *pro se*
 Counsel of record
A961.009